# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

Charles R. Fulbruge III
Clerk

No. 09-50269
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICOLAS ARROYO-CARBAJAL, also know as Nene Billarruel,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-4-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nicolas Arroyo-Carbajal (Arroyo) appeals the 86-month sentence imposed by the district court following entry of a guilty plea to a charge under 8 U.S.C. § 1326 for being illegally present in the United States. He argues that his sentence is substantively unreasonable under 18 U.S.C. § 3553(a) because U.S.S.G. § 2L1.2 is not empirically based and gives excessive weight to a defendant's prior convictions in setting the offense level, thereby effectively double-counting the defendant's criminal record via his offense level and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history score.   He contends that the sentence fails to take into account his benign motive for returning to the United States.   Arroyo asserts, in addition, that his sentence is greater than necessary to achieve the goals of § 3553(a). Although Arroyo acknowledges that plain error review applies, he has preserved the issue whether a failure to object to the reasonableness of a sentence upon its imposition requires plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

To show plain error, Arroyo must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).   If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We have rejected Arroyo's argument that *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), dictates that the appellate presumption of reasonableness we accord to sentences imposed within a properly calculated advisory sentencing guidelines range should not apply to sentences that were calculated under Guidelines not derived from empirical data and national experience. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).   We have also rejected Arroyo's double-counting argument. *See Duarte*, 569 F.3d at 529-31 & n.11; *Mondragon-Santiago*, 564 F.3d at 366-67.

The record shows that the district court based Arroyo's sentence on the advisory sentencing guidelines range, the information in the presentence report, and the § 3553(a) factors.   The district court judge implicitly considered the arguments Arroyo presented at sentencing and determined that a within-guidelines sentence was appropriate.   Arroyo has not shown error, much less plain error, in the district court's imposition of sentence, and he has not rebutted the presumption that his within-guidelines sentence is reasonable. *See*

*Gall v. United States*, 552 U.S. 38, 50-51 (2007); *Rita v. United States*, 552 U.S. 338 (2007).

AFFIRMED.